IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-01032-PAB

JOSE LUIS PADILLA TORRES,

    Petitioner,

v.

MARKWAYNE MULLIN,[1] in his official capacity as Secretary of the Department of Homeland Security,
TODD LYONS, in his official capacity as Acting Director of Immigration and Customs Enforcement,
GEORGE VALDEZ,[2] in his official capacity as ICE Field Office Director,
JUAN BALTAZAR, in his official capacity as warden of the Aurora Immigration Detention Facility,
PAMELA BONDI, in her official capacity as the United States Attorney General,
UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, and
THE BOAD OF IMMIGRATION APPEALS,

    Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Jose Luis Padilla Torres's

Verified Petition for Habeas Corpus.  Docket No. 1.  Respondents filed a response.

Docket No. 7.[3]

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Markwayne Mullin is automatically substituted as a party in this action.

[2] Pursuant to Federal Rule of Civil Procedure 25(d), George Valdez is automatically substituted as a party in this action.

[3] Respondents argue that the named non-individual respondents—United States Immigration and Customs Enforcement ("ICE") and the Executive Office for Immigration Review—are not properly named in a habeas petition.  Docket No. 7 at 1 n.1.  The Court agrees and will grant the habeas petition against the individual respondents only.

## I.  BACKGROUND[4]

Petitioner is a Venezuelan national.  Docket No. 1 at 2.  Petitioner initially entered the United States without parole or inspection on or about March 30, 2023.  *Id.* Petitioner was detained and placed in removal proceedings on April 8, 2023.  *Id.* at 8. He was released on his own recognizance.  *Id.*  Petitioner lives in Colorado and has a long-time partner and four children.  *Id.*  One day, upon arriving at his home, petitioner was detained by ICE.[5]  *Id.*  Petitioner is being held at the Aurora Contract Detention Facility.  *Id.* at 2.

On March 12, 2026, petitioner filed a Petition for Writ of Habeas Corpus.  *See generally id.*  Petitioner brings claims that respondents are detaining him in violation of 8 U.S.C. § 1226(a), and that respondents are violating his due process rights.  *Id.* at 14-17.  Petitioner requests, among other things, that the Court require respondents to provide him with a bond hearing.  *Id.* at 18.

## II.  ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225.  *Id.* at 9-10; Docket No. 7 at 1-2.  Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, who previously entered and are now residing within the United States.  Docket No. 1 at 10.  Because he believes that § 1226 applies, petitioner argues that respondents must provide him with a bond hearing.  *See id.* at 17.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to

---

[4] The following facts are taken from the habeas petition.  Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 7.

[5] Petitioner does not allege the date that he was detained.

noncitizens like petitioner who are "present in the United States without having been admitted." Docket No. 7 at 2. Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention. *Id.*

On many occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings. *See, e.g., Sanchez v. Baltasar*, No. 26-cv-01036-PAB, 2026 WL 809548 (D. Colo. Mar. 24, 2026); *Cruz v. Noem*, No. 26-cv-00312-PAB-NRN, 2026 WL 766689, at *2 (D. Colo. Mar. 18, 2026); *Moncada-Hernandez v. Trump*, No. 26-cv-00436-PAB, 2026 WL 472744, at *2-3 (D. Colo. Feb. 19, 2026); *De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *2 (D. Colo. Feb. 16, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025). Each time, the Court has ruled that the petitioner's detention is governed by § 1226. *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." Docket No. 7 at 3. Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal." *Id.* at 2. Respondents note that a decision in this district rejecting respondents' position has been appealed to the Tenth Circuit. *Id.* at 3 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025)). "Respondents acknowledge that until the Tenth

Circuit rules on this issue, the Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for the purposes of the Court's decision on the legal issue of whether petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)." *Id*.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit. *Id.* at 3-4.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*. *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Sanchez*, which respondents acknowledge does not materially differ from the present case.  Docket No. 7 at 2.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a). The Court will grant the habeas petition on the § 1226 claim and will order respondents to provide petitioner a bond hearing within seven days of the date of this order.[6]

### III.  CONCLUSION

Therefore, it is

---

[6] Because the Court will grant the habeas petition on the basis of the 8 U.S.C. § 1226(a) claim, it will not reach petitioner's due process claim.  *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

**ORDERED** that petitioner Jose Luis Padilla Torres's Verified Petition for Habeas Corpus [Docket No. 1] is **GRANTED**.  It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order.  It is further

**ORDERED** that, within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED March 26, 2026.

BY THE COURT:

_____
PHILIP A. BRIMMER
United States District Judge